UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY THOMAS                       )
                                     )
         Plaintiff,                  )     3:10-cv-00608-HDM-VPC
                                     )
    v.                               )
                                     )     **REPORT AND RECOMMENDATION**
                                     )     **OF U.S. MAGISTRATE JUDGE**
                                     )
PETER PETZING, ET AL.                )
                                     )     September 23, 2011
         Defendants.                 )
                                     )

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#14).[1] Plaintiff opposed (#18/19)[2] and defendants replied (#23). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss be denied.[3]

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Anthony Thomas ("plaintiff"), a *pro se* inmate, was incarcerated at the Washoe County Detention Center ("WCDC") (#7, p. 1).[4] Plaintiff states that defendants retaliated against him for assisting a fellow inmate, Max Reed, in his *habeas* petition, and for filing a civil rights complaint. *Id*. at 3. First, plaintiff alleges that defendants refused to place him in general population housing because he assisted Reed. *Id*. Second, plaintiff argues that defendants retaliated against him

---

[1] Refers to the court's docket number.

[2] Plaintiff simultaneously filed two motions in opposition to defendants' motion. The second contains additional exhibits (#19).

[3] Defendant Hopkins filed a motion to join defendant Petzing's motion to dismiss, which the court granted in a minute order.

[4] Plaintiff has been released and did not file a change of address with the court (#33).

for filing a civil rights complaint by preventing him from calling his attorney and by not relaying messages from the attorney to plaintiff. *Id*. at 5. The court then screened plaintiff's civil rights complaint, dismissing plaintiff's Fourteenth Amendment due process claim and his retaliation claim with leave to amend that claim (#8, p. 2). The court screened plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff states claims for First Amendment retaliation against defendants Petzing and Hopkins for violations of his rights which occurred while he was at WCDC (#8).

In count I, plaintiff alleges that in February 2011, plaintiff asked to be transferred to general population, but the request was denied (#7, p. 4). Plaintiff alleges that the watch commander later told plaintiff that his request was denied because plaintiff had assisted another inmate with a *habeas* petition. *Id*.[5] Plaintiff alleges that in further retaliation for assisting this inmate, another inmate was housed between the two to ensure that plaintiff could provide no further legal assistance to the inmate. Plaintiff claims that this constitutes retaliation which infringes on his First Amendment rights. *Id*.

In count II, plaintiff alleges a separate retaliation claim concerning the filing of his own section 1983 claim. Plaintiff states that on August 24, 2010, plaintiff "put all the def[endants] on notice" of that lawsuit. *Id*. at 5. On September 2, 2010, plaintiff received a letter from his attorney asking why plaintiff had failed to return his phone calls. *Id*. Plaintiff filed a grievance and the responses were that plaintiff should place calls on his "tier" time.[6] *Id*. Plaintiff was not able to call his attorney until September 17, 2010, notwithstanding that for the preceding two and one half years, plaintiff alleges he was routinely given messages by jail staff that his lawyer had called. *Id*. at 5A. Plaintiff also filed a grievance on this issue. *Id*. While plaintiff was told that the prison policy does not allow staff to pass personal messages to inmates, he believes that it was an act of retaliation for filing a civil rights complaint. *Id*. at 6. Defendants maintain that their actions were not in retaliation but in accordance with the inmate handbook (#14, p. 4). They contend that plaintiff has no First

---

[5] The court assumes the watch commander is defendant Hopkins since plaintiff refers to Hopkins in his complaint as Lt. #0921, watch commander (#7, p. 2).

[6] "Tier" time refers to out-of-cell time.

2

Amendment right to assist inmate Reed with his filings; thus, they state they did not chill plaintiff's constitutional rights. *Id*. at 7. Defendants argue that plaintiff's complaint is also deficient because he brings suit against defendant Petzing in his official capacity which is barred by the Eleventh Amendment. *Id*. at 9. Defendants claim that due to these facts, plaintiff fails to state a claim upon which relief can be granted (#14).

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1**.     **Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law.*" North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Id.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir.

1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

### 2. Motion for summary judgment

The court will not construe defendants' motion as one for summary judgment because it does not conform to the basic tenets of Federal Rules of Civil Procedure 56. Rule 56(c) states that a party asserting that there is no genuine dispute as to any material fact "must support the assertion by citing to particular parts of material in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Here, defendants offer no such evidence. Defendants do attach the information from the underlying state court proceeding and plaintiff's guilty plea memorandum, but these documents have nothing whatever to do with plaintiff's civil rights case and appear to be offered gratuitously to inform the court of plaintiff's underlying conviction. Defendants also attach the WCDC inmate handbook and refer to the rules concerning inmate telephone usage, as well as the prohibition against one inmate having possession of another inmate's legal papers. Defendants' motion explains, "Sergeant Peter Petzing respectfully submits that Anthony Thomas failed to tell the Court that he violated the rules of the facility. As a result, he was subject to certain consequences" (#14, p. 3, lines 24-26; p. 4:1). Defendants do not offer Sergeant Petzing's declaration attesting to plaintiff's violation of WCDC rules, nor do they provide any documentation that plaintiff was disciplined. A statement in a motion with no evidentiary support is not evidence.

To the extent defendants contend that WCDC strictly adheres to the rules regarding inmate telephone calls to counsel, they provide no competent evidence that this is so. Finally, defendants attach Mr. Reed's *habeas* petition and tell the court that this document is part of plaintiff's inmate file. It is unclear why another inmate's legal papers, without documentation of any disciplinary action, are located in plaintiff's inmate file. In summary, defendants ask for summary judgment without any competent evidence.

## B. Analysis

### 1. Retaliation

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v.*

4

*Procunier*, 417 U.S. 817, 822 (1974). "Of fundamental import to prisoners are their First Amendment 'rights to file prison grievances . . .'" *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). "Because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

### A.    Count I - Retaliation for assisting inmate Max Reed

Plaintiff argues that the defendants retaliated against him for assisting another inmate, Max Reed, with his *habeas* petition (#7, p. 3). Plaintiff claims he requested a transfer from administrative segregation to general population housing but was denied as a result of helping inmate Reed with his petition. *Id*. He maintains that a prison official told him he was denied the housing change because he assisted Reed. *Id*. at 4.[7]

Here, plaintiff's conduct of providing legal assistance to another inmate is protected conduct. In *Shaw v. Murphy*, the Supreme Court "decline[d] to cloak the provision of legal assistance with any First Amendment protection *above and beyond the protection normally accorded prisoners' speech*." 532 U.S. 223, 231 (2001) (emphasis added). While there may be limitations on inmates' speech, the application of such limitations does not eviscerate the existence of inmates' First Amendment rights in the first instance. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (holding that inmates do possess First Amendment rights). Additionally, while courts have held that an inmate has no personal right to offer legal assistance to other inmates, to ensure access to the courts, a prison must allow prisoners to assist one another unless there is available to prisoners a reasonable, alternative means of legal assistance. *Munz v. Nix*, 908 F.2d 267, 269 (8th Cir. 1990) (*citing Johnson*

---

[7]    It is unclear whether a named party conveyed this information to plaintiff or whether a named party ordered another official to convey this information.

*v. Avery*, 393 U.S. 483, 490 (1969).

While defendants assert that plaintiff alleges no injury because plaintiff has no right to a certain housing status, an inmate's housing status cannot be used as a means of retaliation against him for exercising his First Amendment rights. *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (holding that while inmate did not have a constitutional right to certain housing in prison, defendants retaliated against him when they used his housing status to punish him for protected conduct).[8]

Plaintiff alleges that defendants refused to change his housing status as a result of his assistance to Reed, chilled his First Amendment rights and that defendants lack penological reasons for these actions. Plaintiff makes a prima facie case for retaliation. The court recommends that defendants' motion to dismiss count I (#14) be denied.

### B. Count II - Retaliation for filing section 1983 civil rights action

Plaintiff claims that defendants also took adverse action against him by not relaying messages from his attorney and refusing to allow him to call his attorney except during "tier" time as a direct result of his filing the civil rights complaint, which is protected conduct (#7, p. 5). Plaintiff maintains that defendants' actions burdened plaintiff's communication with his attorney regarding his civil rights complaint. This harm can be said to chill plaintiff's exercise of his First Amendment rights. *See Rhodes*, 408 F.3d at 567 n.11 ("[H]arm that is more than minimal will almost always have a chilling effect."). Finally, plaintiff further alleges that the actions taken by defendants did not advance a legitimate correctional goal and instead were intended to harm plaintiff. Plaintiff's complaint sufficiently pleads factual allegations to satisfy each of the elements of a claim for retaliation against defendants. The court recommends that defendants' motion to dismiss count II (#14) be denied.

### 2. Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States by Citizens of

---

[8] *See also Griffin v. Lopez*, 230 F.3d 1366 (9th Cir. 2000) (holding that plaintiff stated a claim for retaliation when defendants kept plaintiff in segregation in retaliation for protected conduct).

6

another State . . . ." U.S. Const. amend XI.  The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003).

Plaintiff names defendants in their official and individual capacities (#7) and requests damages.  *Id*.  Defendants cannot be sued in their official capacities for money damages.  *Bank of Lake Tahoe*, 318 F.3d at 918.  Therefore, to the extent that plaintiff seeks damages, the court dismisses with prejudice all claims against defendants in their official capacities.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants did not meet their burden of proving that plaintiff failed to state a claim upon which relief can be granted.  The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

///

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#14) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that all claims against defendants in their official capacities be dismissed with prejudice .

**DATED:** September 26, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**